**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vivian Lugo, ) | No. CV-08-1557-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Michael Astrue, Commissioner, Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The court has before it plaintiff's opening brief (doc. 15), defendant's answering brief (doc. 18), and plaintiff's reply brief (doc. 19).

**I.**

Plaintiff filed an application for social security disability benefits and supplemental security income on July 20, 2005, alleging a disability onset date of November 23, 2004. Following a hearing, the administrative law judge ("ALJ") issued a decision concluding that plaintiff is not disabled and denying benefits. The decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then filed this action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

A district court may set aside a denial of benefits "only if it is not supported by substantial evidence or if it is based on legal error." Thomas v. Barnhart, 278 F.3d 947, 954

1  (9th Cir. 2002). Substantial evidence is "relevant evidence which, considering the record as
2  a whole, a reasonable person might accept as adequate to support a conclusion. Where the
3  evidence is susceptible to more than one rationale interpretation, one of which supports the
4  ALJ's decision, the ALJ's conclusion must be upheld." Id. (citation omitted).

5  The ALJ found that plaintiff has a history of fusion at C5-6 with cervical
6  radiculopathy, diabetes, episodes of gout, peripheral neuropathy, and borderline intellectual
7  function. Tr. 11. The ALJ concluded that plaintiff's subjective complaints of disabling pain
8  are not fully credible. Tr. 14. He found that there is evidence of plaintiff's non-compliance
9  with the medical regimen prescribed by her physicians, and that there is no evidence of
10 weight loss or muscle atrophy, which are common side effects of chronic, pervasive pain.
11 He also found significant plaintiff's acknowledgment that she is able to cook, shop, take
12 walks, drive an automobile, care for her dog, and needs no assistance in dressing or personal
13 grooming—all of which indicate a somewhat normal level of daily activity. Plaintiff does
14 not challenge the ALJ's conclusion that her subjective complaints of pain are not fully
15 credible. After consideration of the entire record, the ALJ concluded that plaintiff retains the
16 residual functional capacity to perform a full range of unskilled light work, and further that
17 she is capable of performing her past relevant work as a cashier.

## II.

19 Plaintiff first argues that the ALJ improperly weighed the opinions of her treating
20 physicians, Drs. Kelly, Chung and Tomlinson. Where a treating physician's opinion is
21 contradicted by another physician's opinion, an ALJ may reject the treating physician's
22 opinion by providing "specific and legitimate reasons supported by substantial evidence in
23 the record." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (quotation omitted). "The
24 ALJ can meet this burden by setting out a detailed and thorough summary of the facts and
25 conflicting clinical evidence, stating [his] interpretation thereof, and making findings."
26 Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting Magallanes v. Bowen,
27 881 F.2d 747, 751 (9th Cir. 1989)).

28

1      Plaintiff claims that the ALJ failed to properly consider Dr. Kelly's January 3, 2005
2 notation that "[w]alking more than one hour per day will exacerbate her arthritis," and
3 "[c]arrying and lifting objects of less than 5 pounds is acceptable." Tr. 230. Dr. Kelly also
4 recommended that plaintiff transfer to a "desk job" and opined that she is able to sit for 8 to
5 10 hours per day at a job. Id. The ALJ concluded that Dr. Kelly's recommendation for
6 sedentary work was "an excessive precaution in light of the objective evidence." Tr. 15.
7 This finding is sufficiently supported by substantial evidence, including x-rays that show a
8 normal lumbar and cervical spine, with normal alignment and no fractures, Tr. 471-73, and
9 by examining physician, Dr. Malcom McPhee's November 2005 opinion that plaintiff can
10 stand and walk for six hours a day, sit without restriction, and lift 50 pounds occasionally and
11 25 pounds frequently. Tr. 276-77. The ALJ's conclusion is further supported by a state
12 agency physician's May 2006 opinion that plaintiff retains the ability to perform light work.
13 Tr. 402-09. This physician also noted that plaintiff "is not credible. She appears to engage
14 in exam embellishment." Tr. 403.

15      Plaintiff also argues that the ALJ improperly rejected Dr. Chung's October 21, 2004
16 letter in which he stated, "To whom it may concern, . . . [plaintiff] is going to work only 4
17 hours per day due to medical condition." Tr. 359. Dr. Chung's conclusory letter provides
18 no functional evaluation whatsoever. Although the ALJ did not discuss Dr. Chung's letter,
19 the law is well settled that an "ALJ need not accept the opinion of any physician, including
20 a treating physician, if that opinion is brief, conclusory, and inadequately supported by
21 clinical findings." Thomas, 278 F.3d at 957. An ALJ "is not required to discuss evidence
22 that is neither significant nor probative." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006,
23 1012 (9th Cir. 2003). Dr. Chung's conclusory, unsupported letter was properly rejected.

24      The ALJ also discounted the April 2, 2007 opinion of treating podiatrist Dr.
25 Tomlinson, which indicated that plaintiff is unable to work "due to herniated disc and
26 weakness." Tr. 444. The ALJ discounted Dr. Tomlinson's opinion because there is no
27 objective evidence of herniated discs in the record. The ALJ noted that plaintiff has a history
28 of a successful cervical fusion, which allowed her to work for eight years following surgery,

- 3 -

1  and the lumbar and cervical x-rays showed no evidence of disc herniation. Tr. 15. The ALJ
2  properly discounted Dr. Tomlinson's opinion because it relied on an unsupported diagnosis
3  of multiple herniated discs.
4       We conclude that the ALJ properly discounted the opinions of Drs. Kelly, Chung, and
5  Tomlinson, and to the extent necessary, provided specific and legitimate reasons for doing
6  so.

**III.**

8       Plaintiff next contends that the ALJ failed to find that she meets Listing of
9  Impairments 12.05 (mental retardation), 20 C.F.R. Part 404, Subpart P, Appendix 1. A
10 claimant whose impairment meets or equals a listed impairment is presumptively disabled.
11 See 20 C.F.R. § 404.1520(d).
12      In November 2005, Noelle Rohen, Ph.D., conducted a psychological evaluation of
13 plaintiff and assessed an IQ of 67, with a diagnosis of borderline intellectual functioning.
14 Tr. 292. Dr. Rohen opined that plaintiff can be expected to have some difficulty attending
15 to complex tasks and sustaining attention on simpler tasks. Tr. 293. Plaintiff contends that
16 this impairment meets the requirements of Listing 12.05, which provides that mental
17 retardation "refers to significantly subaverage general intellectual functioning with deficits
18 in adaptive functioning initially manifested during the development period; i.e., the evidence
19 demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Part 404,
20 Subpart P, Appendix 1, § 12.05.
21      Plaintiff does not identify any evidence to support an onset of the impairment before
22 age 22. The November 2005 psychological evaluation was administered when plaintiff was
23 44 years old. The record establishes that plaintiff successfully worked as a cashier from 1990
24 through 2001, when plaintiff was between the ages of 29 and 40. Tr. 126. The evidence
25 does not establish that plaintiff's impairment met Listing 12.05.

**IV.**

27      Finally, plaintiff contends that the ALJ erred by failing to fully develop the record by
28 eliciting expert vocational testimony. Testimony from a vocational expert may be used at

- 4 -

1  Step 5 of the sequential analysis to show that a claimant can perform work, other than past
2  relevant work, that exists in significant numbers in the national economy. 20 C.F.R. §
3  404.1520(g). When a claimant fails to meet her burden at Step 4 of proving that she is
4  unable to perform her past relevant work, a vocational expert's testimony is not necessary.
5  Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996).

6  Here, the ALJ determined at Step 4 that plaintiff can perform her past relevant work
7  as a cashier. Tr. 15-16. The ALJ relied on the assessment by examining physician Dr.
8  McPhee that plaintiff can stand and walk for six hours a day, sit without restriction, lift 50
9  pounds occasionally and 25 pounds frequently, and perform occasional stooping, kneeling,
10 crouching or crawling. Tr. 276-77. The ALJ noted that work as a cashier is performed at
11 the light, unskilled level according to the Dictionary of Occupational Titles, and that
12 plaintiff's RFC fits within this category. The ALJ's conclusion that plaintiff can perform her
13 past relevant work is further supported by the state agency physician's opinion that plaintiff
14 retains the ability to perform light work. Tr. 402-09. We reject plaintiff's argument that the
15 ALJ "should have requested vocational testimony to see if the claimant could have performed
16 her past work." Opening Brief at 8. The ALJ's conclusion that plaintiff can perform her past
17 relevant work is supported by substantial evidence. The ALJ was not required to call a
18 vocational expert to support that conclusion.

19 **IT IS ORDERED AFFIRMING** the Commissioner's decision denying benefits.
20 DATED this 6th day of May, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge